FILED
2019 May-23 PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| JOSE MENDEZ, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No.: 4:18-cv-02048-KOB-SGC |
| STATE OF ALABAMA, | ) ) ) |
| Respondent. | ) ) ) |

## MEMORANDUM OPINION

The magistrate judge filed a report on March 14, 2019, recommending that the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by Jose Mendez be dismissed for lack of jurisdiction or, in the alternative, denied as time-barred. (Doc. 10). Mendez filed objections to the report and recommendation on March 25, 2019. (Doc. 11).

In his objections, Mendez argues the United States Supreme Court's decisions in *Padilla v. Kentucky*, 559 U.S. 356 (2010), and *Lee v. United States*, 137 S. Ct. 1958 (2017), allow him to seek federal district court review of his claim that his counsel's ineffective assistance prevented him from understanding his 2015 guilty plea to felony child abuse in the Circuit Court of DeKalb County, Alabama would subject him to deportation. (Doc. 11 at 2). In *Padilla*, the Supreme Court held that counsel's erroneous advice regarding the deportation

consequences of a guilty plea may form the basis of a Sixth Amendment ineffective assistance claim. 559 U.S. at 364-66. In *Lee*, the Supreme Court addressed the standard for demonstrating resulting prejudice. 137 S. Ct. at 1964-67; *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that ineffective assistance claim requires both that counsel's performance was constitutionally deficient and defendant was prejudiced as a result); *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985) (holding that *Strickland's* two-part standard applies to ineffective assistance claims arising out of plea process). In neither case did the Supreme Court hold that such a claim brought pursuant to § 2254 is not subject to the jurisdictional "in custody" requirement of § 2254 or the applicable statute of limitations. While *Padilla* and *Lee* may stand for the proposition that the substance of Mendez's claim is theoretically cognizable under Sixth Amendment jurisprudence, they do not excuse Mendez from the jurisdictional and timeliness requirements of § 2254.[1]

---

[1] Mendez also cites the Supreme Court's decision in *I.N.S. v. St. Cyr* for the proposition that the Constitution's Suspension Clause, which protects the writ of habeas corpus, "unquestionably" requires "some judicial intervention in deportation cases." 533 U.S. 289, 300 (2001) (internal quotation marks omitted). Having so found, the Court in *St. Cyr* held that provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") that repealed discretionary relief from deportation did not apply retroactively to an alien who entered a guilty plea prior to the enactment of those laws. 533 U.S. at 326. Mendez entered his guilty plea well after the enactment of AEDPA and IIRIRA, and *St. Cyr* is otherwise inapplicable to the circumstances of his presently pending § 2254 petition.

For the foregoing reasons, the court OVERRULES Mendez's objections. Having carefully reviewed and considered de novo all the materials in the court file, including the report and recommendation and the objections to it, the court ADOPTS the magistrate judge's report and ACCEPTS her recommendation.

Accordingly, the court finds that Mendez's § 2254 petition should be dismissed for lack of jurisdiction or, in the alternative, denied as time-barred. Additionally, because the petition does not present issues that are debatable among jurists of reason, the court also will deny a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a)*, Rules Governing § 2254 Proceedings*.

The court will enter a separate Final Order.

DONE and ORDERED this 23rd day of May, 2019.

.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE